**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| ALVIN G. RIGGINS, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| VS. | * | CASE NO. 4:05-CV-140 (CDL) |
| | * | 28 U.S.C. § 2254 |
| DANNIE THOMPSON, and | * | |
| THURBERT BAKER, | * | |
| | * | |
| Respondents. | * | |

**REPORT AND RECOMMENDATION**

Before the court is Respondents' Motion to Dismiss Petition for lack of exhaustion and as untimely, which was filed on March 1, 2006. Petitioner was notified of his right to respond to the Motion to Dismiss.

Petitioner was convicted of robbery by intimidation on July 11, 1974, and was thereafter sentenced to serve ten years of incarceration. Petitioner then filed a timely notice of appeal, but while out of jail on an appeal bond, he fled the jurisdiction. *See, Riggins v. State*, 134 Ga. App. 941, 216 S.E.2d 723 (1975). More than twenty years later, in February of 2005, Petitioner was arrested in Houston, Texas by the Federal Bureau of Investigation, and returned to Muscogee County and the State of Georgia to serve the ten year sentence imposed in 1974. On December 5, 2005, Petitioner Riggins filed his present § 2254 petition. The Respondents filed their Answer and Motion to Dismiss on March 1, 2006, and Petitioner filed his Response on April 6, 2006.

Regarding the exhaustion requirement of federal habeas petitions, it is well settled that, absent extraordinary circumstances, a federal court will not determine the merits of claims contained in a habeas corpus petitioner, until they have been exhausted in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728 (1999); *Rose v. Lundy*, 455 U.S. 509, 519, 102 S. Ct. 1198 (1982); *Picard v. Conner*, 404 U.S. 270, 275, 92 S. Ct. (1971). The exhaustion requirements of 28 U.S.C. § 2254 provide:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody  pursuant to the judgment of a State Court shall not be granted unless it appears that
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> > (B)(i) there is an absence of available State Corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant ...
> (c) an applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

In the present action, the Petitioner has not exhausted his State remedies, as he has not sought State habeas relief as of this date. As stated above, this court is without authorization to entertain a petition for federal habeas corpus relief where the Petitioner has not exhausted his available state remedies, unless the Respondent waives the exhaustion requirement, which has not been done in this case. Petitioner responds that he has attempted to "remedy said matter through state procedure." However, Petitioner does not acknowledge filing any state habeas petition regarding the robbery conviction. Petitioner's application, therefore, should be dismissed for failure to exhaust his available state remedy in habeas.

The record reveals that Petitioner was convicted on July 11, 1974, of robbery by intimidation. *See, Riggins v. State*, 134 Ga. App. 941, 216 S.E.2d 723 (1975). After a notice of appeal was filed with the Georgia Court of Appeals, wherein Petitioner was released on an appeal bond, Petitioner was charged with pointing a firearm at another person. *Id.* at 724. The Superior Court trial judge then ordered that Petitioner's appeal bond be revoked. *Id.* Petitioner absconded and the District Attorney's office filed a Motion to Dismiss Petitioner's appeal as he had been deemed a fugitive from justice. However, on June 4, 1975, the Georgia Court of Appeals remanded the issue of the revocation of Petitioner's bond because neither the Petitioner nor his attorney had been notified of the revocation. The court ordered the trial court to "hold an evidentiary hearing within 30 days of notice to the appellant or his counsel, for appellant or his counsel to show cause why the appeal bail bond should not be revoked. ... The trial judge shall enter an order revoking or not revoking the appeal bail bond, from which appellant shall be allowed 30 days in which to file another notice of appeal." *See, Riggins* at 945.

On February 22, 2005, Petitioner was located in Texas and brought back to Muscogee County to serve his 1974 sentence for robbery. (R- 11, Ex. 2). Petitioner filed the present federal application for writ of habeas corpus on December 5, 2005.

The Respondents have also moved the court to dismiss Petitioner's § 2254 application as being untimely. Respondents contend that Petitioner's conviction became final for purposes of the AEDPA one year limitations period prior to April 24, 1996. In *Wilcox v. Florida Department of Corrections,* 158 F. 3d 1209, 1211(11th Cir. 1998), the Eleventh

Circuit Court of Appeals held that state prisoners whose convictions became final before the AEDPA's effective date of April 24, 1996, would be given until April 23, 1997, to file their federal habeas actions. The Respondents, however, have failed to establish, by competent evidence, when Petitioner's conviction became final. Nonetheless, the record is clear that the Petitioner has not exhausted his State remedies.

WHEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's action be **DISMISSED for failure to exhaust available State remedies.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 3rd day of May, 2006.

S/G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

sWe

4